IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMMAR HADJAR, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | No. 05-1047 |
| MARILYN BROOKS, et al., | : | |
|     Respondents. | : | |
| | : | |

-------------------------------------------------------------------------------------------------

**O R D E R**

AND NOW, this 30th day of October, 2008, upon consideration of the Petition for a Writ of Habeas Corpus (Doc. Nos. 5-6), Respondent's Answer (Doc. No. 11), the Report and Recommendation of the Magistrate Judge (Doc. No. 35), Petitioner's Objections to the Report and Recommendation (Doc. No. 38), the Response to Petitioner's Objections (Doc. No. 40), and all related submissions, it is hereby **ORDERED** and **DECREED**:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED in part**;

3. The Petition for a Writ of Habeas Corpus is **DENIED**; and

4. There is no basis for the issuance of a certificate of appealability.

The Clerk of Court shall close this matter for statistical purposes.

## BACKGROUND

In 2001, Petitioner Ammar Hadjar was convicted in Pennsylvania state court of driving under the influence of alcohol and possession of a controlled substance with intent to deliver. The trial evidence showed that Petitioner attempted to flush 203 grams of cocaine down a toilet while detained in a Pennsylvania State Police barracks following his arrest for drunk driving. Commonwealth v. Hadjar, No. 5620-00 (Ct. Com. Pl. Apr. 18, 2002) (Direct Appeal Opinion). On September 27, 2002, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence. Commonwealth v. Hadjar, 827 EDA 2002 (Super. Ct. Sept. 27, 2002). Petitioner did not seek *allocatur*.

On November 26, 2002, Petitioner timely filed a counseled petition under Pennsylvania's Post Conviction Relief Act. 42 Pa. Con. Stat. § 9541. On December 19, 2002, the PCRA Court denied the petition without an evidentiary hearing. Commonwealth v. Hadjar, No. 5620-00 (Ct. Com. Pl. Dec. 19, 2002). On September 30, 2003, the Superior Court affirmed. Commonwealth v. Hadjar, 272 EDA 2003 (Super. Ct. Sept. 30, 2003). The Pennsylvania Supreme Court denied *allocatur* on April 13, 2004.

On June 13, 2005, Petitioner filed a *pro se* Motion for Forensic DNA testing in the PCRA Court. 42 Pa. Con. Stat. § 9543.1(a); Doc. No. 11, Ex. T. While this Motion was pending, Petitioner filed the instant *pro se* Petition for federal habeas relief on July 5, 2005. 28 U.S.C. § 2254. On September 27, 2005, the Magistrate Judge recommended that I stay the Petition pending the state courts' resolution of Petitioner's Motion for DNA testing. (Doc. No. 13.) On December 5, 2005, I granted Petitioner's Motion to Stay and placed this matter in suspense. (Doc. No. 17, 18.)

On January 6, 2006, Petitioner filed a counseled PCRA petition in support of his Motion

for DNA testing.  On March 7, 2006, the PCRA Court denied the Motion without a hearing. Commonwealth v. Hadjar, No. 23-5620 (Ct. Com. Pl. Mar. 7, 2006).  The Pennsylvania Superior Court affirmed on June 20, 2007.  Commonwealth v. Hadjar, 777 EDA 2006 (Sup. Ct. June 20, 2007).

On September 4, 2007, Petitioner's case was transferred from the Civil Suspense File for final disposition. (Doc. No. 22.)  On February 29, 2008, the Magistrate Judge recommended that I deny Mr. Hadjar's § 2254. Petition.   (Doc. No. 35.)  Petitioner filed *pro se* objections to the Report on August 28, 2008.  (Doc. No. 38.)  The Commonwealth responded on September 9, 2008.  (Doc. No. 40.)

## STANDARD OF REVIEW

The extent of my review of the Magistrate's Report is committed entirely to my discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review *de novo*, however, those portions of the Report to which specific objection is made.  28 U.S.C. § 636 (b)(1)(C); see generally Goney, 749 F.2d at 6-7.

## PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

**I.     Standard of Review**

Petitioner argues that the Magistrate Judge applied an incorrect standard of review to three of his non-defaulted claims of ineffective assistance of counsel.  Petitioner claims that the state court failed to review these claims on the merits, requiring the Magistrate Judge to review them *de novo*.

**(A)     Failure to Present Evidence Rebutting Constructive Possession**

Petitioner claims that his trial and appellate counsel were ineffective for failing to introduce evidence demonstrating that someone else could have placed the cocaine in the toilet.  In rejecting this claim, the PCRA Court found that trial counsel had in fact introduced evidence that other persons were processed at the police barracks while Petitioner was detained there, and may have had access to the bathroom.  Commonwealth v. Hadjar, No. 5620-00 (Ct. Com. Pl. Dec. 19, 2002).  In a supplemental opinion, the PCRA Court further concluded that this claim was an attempt to relitigate Petitioner's sufficiency of the evidence claim, which was rejected in Petitioner's direct appeal.  Commonwealth v. Hadjar, No. 5620-00 (Ct. Com. Pl. Mar. 4, 2003); 42 Pa. Cons. Stat. § 9544(a)(2)-(3) (a PCRA court must refuse to hear a claim where "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue").  The Superior Court affirmed on this latter ground.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a federal habeas court may not grant relief after a state court has rejected the petitioner's claim on the merits unless the state court's decision was "contrary to," or an "unreasonable application of," clearly established Supreme Court precedent.  28 U.S.C. § 2254(d).  This standard of review does not

apply to properly preserved claims that were not adjudicated on the merits in state court; the district court must review these claims *de novo*. Appel v. Horn, 250 F.3d 203, 605 (3d Cir. 2001). Accordingly, where the PCRA Court determines that an ineffective assistance claim is merely a variant of a claim previously litigated on direct appeal, and therefore declines to review it on the merits, a district court reviews the claim *de novo*. See Rowe v. Grace, No. 06-3631, 2008 WL 219222, at *11 n.9 (E.D. Pa. Jan. 24, 2008); see also Alford v. Johnson, No. 05-546, 2006 WL 516788, at *4 (E.D. Pa. Mar. 1, 2006).

Although both the Superior Court and the PCRA Court determined that Petitioner's ineffective assistance claim was a variant of his earlier evidentiary sufficiency claim, the PCRA Court also reviewed and denied Petitioner's ineffective assistance claim on the merits. Accordingly, the Magistrate Judge correctly applied the AEDPA standard of review to this claim.

**(B)** **Failure to Seek DNA Testing**

Petitioner next argues that his trial and appellate counsel were ineffective for failing to seek and introduce DNA testing of the plastic wrapping covering the cocaine. The PCRA Court denied Petitioner's Motion for DNA testing on the merits. The Superior Court affirmed, but declined to review Petitioner's related ineffective assistance claim, which Petitioner raised for the first time during his appeal of the denial of his Motion. Commonwealth v. Hadjar, 777 EDA 2006, slip op. at 13 (Sup. Ct. June 20, 2007) ("Hadjar has failed to include . . . his ineffective assistance of counsel claim . . . in his amended PCRA petition filed on January 6, 2006. Accordingly, we are constrained to find that Hadjar has waived [this issue] on appeal.").

The Magistrate Judge determined that the PCRA Court correctly rejected Petitioner's Motion for DNA testing. The Magistrate Judge also reached the merits of Petitioner's ineffective assistance claim and rejected it applying the AEDPA standard of review. (Doc. No. 35, at 11.)

Because this claim was procedurally defaulted, however, merits review was not permitted. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) ("[F]ederal courts may not consider the merits of [procedurally defaulted] claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default."). Accordingly, I will not adopt the Magistrate's recommendation as to this claim, and will instead dismiss it as procedurally defaulted. In any event, it is clear that, contrary to Petitioner's contention, the Magistrate Judge was not required to review this claim *de novo*.

      **(C)**     **Failure to Challenge the Testimony of an Expert Prosecution Witness**

Petitioner claims that his trial and appellate counsel were ineffective for failing to challenge as "absurd, speculative, irrelevant and prejudicial" the testimony of an expert prosecution witness that the cocaine could not have been in the toilet for more than a few minutes without dissolving. (Doc. No. 6, at 16.) Petitioner contends that this claim was not reviewed on the merits in state court, and notes that in a preliminary section of the Report and Recommendation, the Magistrate Judge identified this claim as one of Petitioner's claims "subject to the [AEDPA] standard of review." (Doc. No. 35, at 4.)

Petitioner raised this claim for the first time during his appeal of the denial of his first PCRA Petition. (Doc. No. 11, Ex. O, at 11-12.) The Superior Court declined to review the claim after determining that it was a variant of Petitioner's sufficiency of the evidence claim, which was previously litigated on direct appeal. Commonwealth v. Hadjar, 272 EDA 2003 (Super. Ct. Sept. 30, 2003). Accordingly, I agree that this claim must be reviewed *de novo*. Rowe, 2008 WL 219222, at *11 n.9.

6

The Report and Recommendation makes clear that the Magistrate Judge correctly reviewed this claim *de novo*, however. The Magistrate Judge recognized that the PCRA court had not reached the merits of this claim. See Doc. No. 35, at 9 ("Because the Superior Court had an opportunity to review the claim but declined to do so, this court may consider petitioner's claims on the merits."). Accordingly, the Magistrate Judge reviewed trial counsel's cross-examination of this expert at trial and concluded that trial counsel's performance did not fall below an "objective standard of reasonableness." (Doc. No. 35, at 8-10, applying Strickland v. Washington, 466 U.S. 668 (1984)). Having reviewed the record *de novo*, I agree with that conclusion.

In these circumstances, I find the Magistrate Judge was not required to review Petitioner's first and second ineffective assistance claims *de novo*, and correctly reviewed Petitioner's third claim *de novo*. Accordingly, this objection is overruled.

## II.     Evidence of Actual Innocence

Petitioner objects that the Magistrate Judge improperly refused to consider new evidence that demonstrates his "actual innocence" and therefore excuses the procedural default of three additional claims of ineffective assistance of counsel. (Doc. No. 39, at 5-6, 7-8.) A claim of actual innocence is a "gateway" through which a habeas petitioner must pass before a procedurally defaulted constitutional claim may be considered on the merits. Schlup v. Delo, 513 U.S. 298, 315 (1995). This standard "requires the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327 (quotations omitted). To establish actual innocence, a petitioner must present new evidence that shows "it is more likely than not that no reasonable juror would have convicted

him." Id.; see also Keller v. Larkins, 251 F.3d 408, 415-416 (3d Cir. 2001).

Petitioner argued to the Magistrate Judge that a "sound-effects expert" could have impeached the trial testimony of the officer standing outside the bathroom that heard plastic being "rustl[ed]" before Petitioner flushed the toilet. (Doc. No. 31.) Petitioner also provided an affidavit from a professional plumber that it is "possible or even likely" that the package of cocaine could have been lodged in the toilet for several days. (Doc. No. 31, Ex. A.) The Magistrate Judge denied Petitioner's Motions for an evidentiary hearing and to supplement the record, and did not rule on whether the proffered testimony would establish Petitioner's actual innocence. (Doc Nos. 28, 32.)

Even when considered in the most favorable light, such "expert" testimony would fail to establish Petitioner's actual innocence. First, the plumber's testimony would go only to legal sufficiency: whether as a matter of law Petitioner had constructive possession of the cocaine given that other persons had equal access to the bathroom in the days before his detention. (Doc. No. 6, at 31.) This does not establish Petitioner's actual innocence. Sweger v. Chesney, 294 F.3d 506, 523 (3d Cir. 2002) ("Actual innocence means factual innocence, not mere legal insufficiency.") (quotations omitted).

Petitioner also argues that the sound-effects expert would show that it is "impossible for a person (with average hearing) to distinguish plastic from paper rustling sounds." Accordingly, the expert would show that the officer outside the toilet may have heard the rustling of toilet paper rather than plastic. (Doc. No. 6, at 31.) Significantly, Petitioner does not offer any affidavit or declaration from his expert. Rather, Petitioner offers only his own assertions as to how such an expert might testify. This is not evidence of anything, much less Petitioner's

innocence.  See House v. Bell, 547 U.S. 518 (2006) (to establish actual innocence, a petitioner must offer "'new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'") (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).  In any event, even if I accept Petitioner's proffer, the proposed impeachment testimony would not establish Petitioner's actual innocence.  Sawyer v. Whitley, 505 U.S. 333, 349 (1992) ("[E]vidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed [the prosecution witness's] account of petitioner's actions."); see also Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002) ("[S]peculative, collateral impeachment [evidence] falls far short of showing actual innocence."), cert. denied, 537 U.S. 1117 (2003).

In sum, because the evidence that Petitioner sought to introduce would not have established his actual innocence, it could not have excused the procedural default of Petitioner's claims.  Accordingly, this objection is overruled.

### III.     Procedural Default

Petitioner next contends that the Commonwealth has admitted that the procedural default of some of Petitioner's claims should be excused.  (Doc. No. 38, at 6.)  In support of his position, Petitioner cites paragraph 16 of the Commonwealth's Answer, which admits paragraph 16 of the Petition.  (Doc. No. 11.)  Although paragraph 16 of Mr. Hadjar's Amended Petition includes an allegation that Petitioner's procedural default should be excused, the Commonwealth's Answer corresponds to Petitioner's Original Petition.  (Doc. No. 40, at 5.)  Paragraph 16 of the Original Petition includes only the allegation that Petitioner was sentenced on more than one count of the indictment; that paragraph does not relate to Petitioner's procedural default.  Accordingly, the

Commonwealth has not admitted that Petitioner's procedural default should be excused.

## IV.     Sufficiency Analysis

Petitioner objects that the Magistrate Judge failed to consider the effect of trial counsel's ineffectiveness in determining that the evidence presented at trial was sufficient to support Petitioner's conviction.  (Doc. No. 38, at 4.)  Ineffective assistance of counsel and evidentiary sufficiency are separate claims for relief, and the Magistrate Judge was not required to consider the effect of counsel's ineffectiveness when conducting a sufficiency review.  See United States v. Thayer, 201 F.3d 214, 218-19 (3d Cir. 1999) (when determining evidentiary sufficiency, the district court must view the trial evidence in the light most favorable to the prosecution).  Moreover, the Magistrate Judge rejected Petitioner's ineffective assistance claims.  Accordingly, the Magistrate Judge properly declined to consider the alleged effect of trial counsel's ineffectiveness on the sufficiency of the evidence at trial.

## V.      Petitioner's Remaining Objections

Petitioner generally objects that the Magistrate Judge failed to consider his legal arguments.  I need not address these objections *de novo*.  See Goney, 749 F.2d at 7 (*de novo* review not required where objections are "clearly general in nature").  In any event, my review of the Report and Recommendation confirms that the Magistrate Judge appropriately considered and rejected Petitioner's arguments.

## CONCLUSION

Upon careful consideration of the Magistrate Judge's Report and Recommendation, Petitioner's Objections, and all related submissions, I overrule the Objections and accept and adopt the Magistrate Judge's Report and Recommendation in part.  I will not adopt the Report insofar as it reached the merits of Petitioner's claim of ineffective assistance of counsel based on trial counsel's failure to seek DNA testing.  Because this claim was procedurally defaulted, I will dismiss it without reviewing it on the merits.  The Petition for a Writ of Habeas Corpus is accordingly denied.

                                      **AND IT IS SO ORDERED.**

                                       s/ Paul S. Diamond

                                       **Paul S. Diamond, J.**